1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHET PRUITT,                              No.  2:20-cv-632 KJM AC P

12                  Plaintiff,

13        v.                                   ORDER REFERRING CASE TO POST-
                                               SCREENING ADR PROJECT AND
14   MANJULA BOBBALA, et al,                   STAYING CASE FOR 120 DAYS

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding through counsel.  Defendants have waived service

18   of process.  ECF Nos. 18, 21, 23.

19        The undersigned is referring all post-screening civil rights cases filed by state inmates to

20   the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such

21   cases more expeditiously and less expensively.  No defenses or objections shall be waived by

22   participation.

23        As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights

24   claim.  Accordingly, the court stays this action for a period of 120 days to allow the parties to

25   investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

26   ////

27   ////

28   ////

                                             1

1    There is a presumption that all post-screening prisoner civil rights cases assigned to the

2    undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's

3    claims and speaking with plaintiff's counsel, and after conferring with defense counsel's

4    supervisor, defense counsel in good faith finds that a settlement conference would be a waste of

5    resources, defense counsel may move to opt out of this pilot project.  Plaintiff may move to opt

6    out of this pilot project if, after conferring with defense counsel, plaintiff's counsel in good faith

7    finds that a settlement conference would be waste of resources.  **A motion to opt out must be**

8    **filed within sixty days of the date of this order.**

9    Once the settlement conference is scheduled, at least seven days prior to the conference,

10   each party shall submit to the settlement judge a confidential settlement conference statement.

11   The parties' confidential settlement conference statements shall include the following: (a) names

12   and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short

13   procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts

14   made to investigate the allegations; and (e) a discussion of the efforts that have been made to

15   settle the case.  The parties shall e-mail their settlement conference statements to the settlement

16   judge's e-mail box for proposed orders, available on the court's website.

17   In accordance with the above, IT IS HEREBY ORDERED that:

18   1.   This action is stayed for 120 days to allow the parties an opportunity to settle their

19   dispute before the discovery process begins.  Except as provided herein or by subsequent court

20   order, no other pleadings or other documents may be filed in this case during the stay of this

21   action.  The parties shall not engage in formal discovery, but the parties may elect to engage in

22   informal discovery.

23   2.   The parties shall file any motion to opt out of the Post-Screening ADR Project no

24   more than sixty days from the date of this order.

25   3.   At least seven days prior to the settlement conference, each party shall submit a

26   confidential settlement conference statement, as described above, to the settlement judge.  The

27

28   [1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

2

parties shall e-mail their settlement conference statements to the settlement judge's proposed

orders e-mail address.

    4.  If a settlement is reached at any point during the stay of this action, the parties shall

file a Notice of Settlement in accordance with Local Rule 160.

    5.  The parties remain obligated to keep the court informed of their current addresses at

all times during the stay and while the action is pending.  Any change of address must be reported

promptly to the court in a separate document captioned for this case and entitled "Notice of

Change of Address."  <u>See</u> L.R. 182(f).

DATED: January 26, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3